WAYNE E. WELLS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wells v. Commissioner
Docket No. 15811-87
United States Tax Court
T.C. Memo 1990-58; 1990 Tax Ct. Memo LEXIS 58; 58 T.C.M. (CCH) 1345; T.C.M. (RIA) 90058; February 8, 1990
Wayne E. Wells, pro se. Bruce K. McNeely, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax as follows: Additions to Tax
Year
Deficiency [1]
Sec. 6651(a)(1) [2]
Sec. 6653(a)(1) *
Sec. 6654
Sec. 6661
1983
$ 4,805
$ 1,201
$ 240
$ 296
--
1984
4,858
373
243
22
--
1985
5,023
1,256
251
288
$ 1,256
*60 At trial, respondent moved for an award of damages pursuant to section 6673. Petitioner did not file income tax returns for any of the years at issue; he was a tax protestor. As a result, respondent reconstructed petitioner's income by using the amount of wages and interest reported to have been paid to petitioner. In computing the amount of tax, respondent allowed petitioner one exemption but no itemized deductions. After concessions, the issues for decision are: (1) whether petitioner is entitled to a deduction for interest on a mortgage and an automobile loan pursuant to section 163(a); (2) whether petitioner is entitled to a deduction for real estate taxes pursuant to section 164(a); (3) whether petitioner is entitled to more than one exemption; (4) whether petitioner is liable for the addition to tax for failure to timely file a return pursuant to section 6651(a)(1); (5) whether petitioner is liable for the addition to tax for negligence pursuant to sections 6653(a)(1) and (2); (6) whether petitioner is liable for the addition to tax for failing to make estimated tax payments pursuant to section 6654(a); and (7) whether damages should be awarded to the United States pursuant *61 to section 6673. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. Petitioner resided in Bristow, Oklahoma, when the petition in this case was filed. He is married and has three children, all of whom were under the age of 19 at the end of 1985. Petitioner, a college graduate, was employed as an insurance agent (selling casualty insurance) during the years at issue. Wages received from such employment, and Federal income taxes withheld therefrom, were as follows: Year
Wages
Taxes Withheld
1983
$ 25,064
$     0
1984
26,479
3,369
1985
26,486
3,533
Petitioner also received interest income in 1983 and 1984. The parties stipulated that petitioner's adjusted gross income for each year at issue was: Petitioner's Adjusted
Year
Gross Income
1983
$ 25,105
1984
26,999
1985
26,486
In January 1983, petitioner and his wife transferred the title to their house to the trustee of an irrevocable trust (which they had established in 1982); the beneficiaries of said trust were *62 petitioner's children. Petitioner and/or his wife continued to make mortgage payments on the house; either or both of them also paid property taxes on the house. The parties stipulated that with respect to the years at issue, the amount of mortgage interest and property taxes paid by petitioner and/or his wife were: Year
Mortgage Interest
Property Taxes
1983
$ 4,666
$ 82
1984
3,949
82
1985
4,358
468
Petitioner did not know how much of the mortgage interest and property tax payments he made and how much his wife made. (During the years at issue, petitioner's wife worked as a physical therapist; she also failed to file tax returns for the years at issue.) Petitioner claims that he is entitled to an exemption with respect to at least one of his children, but he presented no evidence with respect to his claim. The parties stipulated that petitioner purchased an automobile in June 1983 and in connection therewith petitioner executed an installment note which required payments of interest totalling $ 427 during 1983. No evidence was introduced substantiating that such interest payments were actually made. Prior to trial, petitioner *63 claimed that he was not a taxpayer and he filed a frivilous motion to dismiss respondent's claim for tax deficiencies. At trial, petitioner conceded that he is a taxpayer, but he claimed entitlement to the aforementioned deductions which were not addressed in the notice of deficiency. Petitioner claims he has documentation to substantiate his deductions, but he was unable to locate such at the time of trial. OPINION The first issue for decision is whether petitioner is entitled to a deduction for interest expense. Respondent's notice of deficiency did not allow petitioner such a deduction. Deductions are a matter of legislative grace. . Respondent's determinations are presumptively correct, and petitioner bears the burden of proving otherwise by a preponderance of the evidence. ; Rule 142(a). With respect to petitioner's entitlement to a deduction for the mortgage interest, petitioner failed to prove that he, rather than Mrs. Wells, made the payments. With respect to the automobile loan, petitioner failed to prove that interest with *64 respect to the loan in fact was paid. He produced no records to substantiate the claimed expenses; rather, the only support for petitioner's claimed entitlement to these deductions was his own testimony, which was vague and unconvincing. Accordingly, petitioner's claimed entitlement to a deduction for mortgage and automobile loan interest is denied. The next issue is whether petitioner is entitled a deduction with respect to real estate taxes. Again, petitioner failed to prove that he, rather than Mrs. Wells, paid such taxes. Accordingly, petitioner's claim for such a deduction is denied. The next issue is whether petitioner is entitled to more than one exemption. Here, too, petitioner failed to prove his entitlement to an exemption for any of his children. Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a timely return, unless such failure is due to reasonable cause and is not due to willful neglect. Petitioner bears the burden of proving that the section 6651(a)(1) addition to tax does not apply. ; *65 ; Rule 142(a). Petitioner failed to do so; thus, he is liable for the section 6651(a)(1) addition to tax as determined by respondent. Furthermore, respondent determined that petitioner is liable for additions to tax for negligence or intentional disregard of rules and regulations pursuant to sections 6653(a)(1) and (2). Petitioner bears the burden of proving that his underpayment of tax was not due to negligence. ; . Under section 6653(a), negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioner again failed to meet his burden of proof; therefore, we sustain respondent's determination of the additions to tax under sections 6653(a)(1) and (2). Respondent determined additions to tax under section 6654 for underpayment of estimated tax. Petitioner bears the burden of proving that he is not liable for the section 6654 addition to tax. ; *66 . In general, section 6654 provides for an addition to tax if the taxpayer fails to pay, through periodic prepayments, an amount equal to 80 percent of the amount of tax shown on the return, or if no return is filed, 80 percent of the tax for such year. Section 6654(d)(1)(B)(i). Petitioner did not make estimated tax payments nor did he cause sufficient amounts to be withheld from his wages during 1983 and 1984 so as to avoid the section 6654 additions to tax. [3] He failed to present any evidence to rebut the presumption of correctness that attaches to respondent's determination; thus, he is liable for the section 6654 addition to tax. . The final issue is whether damages should be awarded to the United States pursuant to section 6673. Section 6673 provides, in relevant part: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous *67 or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. With respect to proceedings pending or commenced after December 31, 1989, the amount of damages which can be awarded to the United States for filing a proceeding in this Court where the taxpayer's position is frivolous or groundless has been increased from $ 5,000 to $ 25,000. Revenue Reconciliation Act of 1989, Pub. L. 101-229, sec. 7731(a), 103 Stat. 2106. Respondent's request for an award of damages was based upon petitioner's failure to cooperate in pre-trial conferences and discovery and his failure to produce any documentation in support of his claimed deductions. Considering the aforesaid as well as petitioner's pre-trial position that he is not a taxpayer and his filing of a frivolous motion, respondent's request for an award of damages is granted and we hereby award damages to the United States in the amount of $ 2,500. To reflect the foregoing and concessions by the parties, Decision will be entered under Rule 155. Footnotes
1. The deficiencies (as set forth in the notice of deficiency) were computed on rates applicable to single individuals; at trial, respondent was permitted to amend the pleadings to conform to the proof that the deficiencies should be computed on rates applicable to married individuals filing separately. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded. ↩
*. Plus 50 percent of the interest due on the underpayment attributable to negligence pursuant to section 6653(a)(2).↩
3. Respondent conceded the addition to tax under section 6654 with respect to 1985.↩